73  528
d117  52

## HULL v. BAIRD.

1. **Public Ditches:** ESTABLISHMENT OF: JURISDICTION OF TOWNSHIP TRUSTEES: ENTERING FINDINGS OF RECORD. The statute (Code, § 1220) authorizing township trustees to establish public ditches, upon finding certain jurisdictional facts to exist, provides that " all the findings and doings of the trustees shall be reduced to writing and entered on record by the clerk." Where the record was burned and there was no other evidence that the jurisdictional facts had been found by the trustees, *held* that it must be presumed that they never were found, and that the establishment of the ditch was without jurisdiction and void. [BECK, J., *dissenting.*]

2. ——: ——: ——: WHAT FACTS MUST BE FOUND. Before township trustees can have jurisdiction to establish a public ditch upon the property of another, under § 1220 of the Code, they must find *all* the facts to exist which are enumerated in said section. And so, without a finding that the lands to be drained are " a source of disease," and "that the public health will be promoted by draining the same," the trustees have no jurisdiction to establish such ditch.

*Appeal from Van Buren District Court.*

SATURDAY, DECEMBER 17.

ACTION for a *mandamus* to compel the defendant to open a ditch alleged to have been duly established and constructed under the statute, and afterwards obstructed by him. The defendant denied the establishment of the ditch. There was a trial to a jury, and, under peremptory instructions from the court, the jury rendered a verdict for the defendant. The plaintiff appeals.

*Wherry & Walker,* for appellant.

*Sloan, Work & Brown,* for appellee.

ADAMS, CH. J.—The ditch in question runs through the defendant's land, but he is not benefited by it. There is no

1. PUBLIC ditches: establishment of: jurisdiction of township trustees: entering findings of record.

doubt that the township trustees attempted to establish it, and supposed that they had legally done so. What precisely they did do is not shown by any existing record. Whatever record was made in the matter appears to have been destroyed by fire. The defendant insists that, to give the township trustees jurisdiction to establish the ditch, it was necessary for them to find certain facts which, under the statute, justified taking private property for public use, and, among them, that the land to be drained was a source of disease, and that the public health would be promoted by draining the same, and that the township trustees never found such facts. The statute (Code, § 1220) provides that "if the trustees are satisfied from personal examination of the premises, or from evidence of witnesses, that such swamp or marsh lands are a source of disease, that the public health will be promoted by draining the same, that such ditch is necessary for the proper cultivation of such lands, that the permanent

value thereof will be increased thereby, and that it is neces-
sary, in order to drain said lands, that such ditch should pass
through the land of others, they shall determine the direc-
tion, depth and width of such ditch, as near as may be, and,
if necessary, may employ the county surveyor to assist them;
and after such examination, or hearing such evidence, may
order or refuse the construction of said ditch.   All the find-
ings and doings of the trustees shall be reduced to writing,
and entered on record by the clerk."

For the purpose of showing the contents of the lost record,
the plaintiff introduced as a witness one Deford, who was one
of the township trustees at the time the proceedings in rela-
tion to the ditch were had.   He was asked by the court a
question in these words:   "Did the record that your town-
ship trustees signed recite anything about the overflow of the
land being a source of disease, or that the public health would
be promoted by draining the same?"   To this the witness
answered:   "My judgment is that it did not."   We do not
discover any evidence that the record did contain such recital,
and, while the testimony of Deford is not of a very positive
character, yet, it being all there is which sheds any light
upon the question, we think that the court might well have
assumed that such recital was wanting.

Now, as the statute provides that all the findings of the
trustees shall be reduced to writing and entered upon the
record, the presumption must be that any finding which the
record did not show was not in fact made.   We have a case,
then, where the township trustees failed to find that the lands to
be drained were a source of disease, and failed to find that
the draining of the same would promote the public health.
There is no presumption that the lands were of that char-
acter.   This being so, it does not appear that the case was
one in which private property could be taken for public use,
and so the trustees had no jurisdiction to order and estab-
lish a ditch.

We have thus far proceeded upon the theory that the stat-

ute makes the fact that the land is a source of disease, and that the draining of it would promote the public health, a necessary jurisdictional fact. The defendant, however, takes a different view of the statute. His view is that, while it may be a jurisdictional fact, it is not a necessary one, and that the ditch might be established, and land condemned for that purpose, if it was necessary for the proper cultivation of the swamp lands, or if their permanent value would be increased thereby. But it is to be observed that the expression of the different facts which may be regarded as calling for the ditch are connected by the word "and;" that is to say, the word "and" is finally used, which shows that it is to be supplied in what precedes, where a conjunctive word is understood, as it is between the different clauses. In our opinion, all the different facts enumerated as calling for a ditch should exist in a given case, to justify its establishment.

*2. ——: ——: facts must be found.*

In our opinion the action of the trustees was void.

AFFIRMED.

BECK, J., *(dissenting.)* In my opinion, the omission of the record of the township trustees to show that the existence of the swamp or marsh was a source of disease, and the public health would be promoted by draining it, does not support the conclusion that the trustees acted without jurisdiction. The existence or non-existence of these facts is not a jurisdictional matter. Jurisdiction was acquired by the trustees by the service of the notice required by Code, § 1218. In my opinion the judgment of the district court ought to be reversed.